## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS P. WALSH, Regional Director of the Fourth
Region of the NATIONAL LABOR RELATIONS
BOARD, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD,

<div style="margin-left:2em">

Petitioner

v.

</div>

Civil No.

MOUNTAIN VIEW CARE AND
REHABILITATION CENTER, LLC

<div style="margin-left:2em">

Respondent

</div>

## PETITION FOR INJUNCTION UNDER SECTION 10(j)
## OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

To the Honorable, the Judges of the United States District Court for the Middle
District of Pennsylvania:

Comes now, Dennis P. Walsh, Regional Director of the Fourth Region of the
National Labor Relations Board (herein called the Board), and petitions this Court
for and on behalf of the Board, pursuant to Section 10(j) of the National Labor
Relations Act, as amended (61 Stat. 149; 73 Stat. 544; 29 U.S.C. Sec. 160(j)); (herein
called the Act), for appropriate injunctive relief pending the final disposition of the
matters involved herein pending before the Board on charges alleging that Mountain

View Care and Rehabilitation, LLC, (Respondent), has engaged in, and is engaging in, acts and conduct in violation of Section 8(a)(1) and (3) of the Act. In support thereof, Petitioner respectfully shows as follows:

1.     Petitioner is the Regional Director of the Fourth Region of the Board, an agency of the United States, and files this Petition for and on behalf of the Board.

2.     Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.

3.     On May 1, 2019, Retail, Wholesale and Department Store Union (the Union), pursuant to the provisions of the Act, filed an amended charge with the Board in Case 04-CA-238216 alleging that Respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. A copy of the amended charge in Case 04-CA-238216 is attached hereto as Exhibit A and made a part hereof.

4.     On May 14, 2019, the Union, pursuant to the provisions of the Act, filed a second amended charge with the Board in Case 04-CA-235894 alleging that Respondent, an employer within the meaning of Section 2(2) of the Act, has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1)

and (5) of the Act. A copy of the second amended charge in Case 04-CA-235894 is attached hereto as Exhibit B and made a part hereof.

5.      On May 16, 2019, based upon the charges in Case 04-CA-235894 and 04-CA-238216 referred to above, the General Counsel of the Board, on behalf of the Board, by Petitioner, issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (the Complaint), pursuant to Section 10(b) of the Act, alleging that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act. A copy of the Complaint is attached hereto as Exhibit C and made a part hereof.

6.      There is reasonable cause to believe that the allegations set forth in the Complaint are true, and that Respondent has engaged in, and is engaging in, unfair labor practices within the meaning of Section 8(a)(1) and (3) of the Act, affecting commerce within the meaning of Section 2(2), (6) and (7) of the Act. More particularly, in support thereof, and of the request for injunctive relief herein, Petitioner, upon information and belief, shows as follows:

(a)      At all material times, Respondent, a Pennsylvania limited liability company, has provided rehabilitation services and nursing home care at a nursing home located in Scranton, Pennsylvania (the Nursing Home).

(b)      During the past year, Respondent, in conducting its business operations described above in subparagraph (a), received gross revenues in excess

3

of $100,000 and purchased and received at the Nursing Home goods valued in excess of $5,000 directly from points outside the Commonwealth of Pennsylvania.

(c)     At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act and a health care institution within the meaning of Section 2(14) of the Act.

(d)     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

(e)     At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

Donna Molinaro        --      Administrator
Linda Yarros          --      Human Resources Director

(f)     About March 4, 2019, Respondent, by Donna Molinaro and Linda Yarros, in Linda Yarros' office, interrogated an employee about the employee's union activities and the union activities of other employees.

(g)     (1)     About March 4, 2019, Respondent suspended its employee Yolanda Ramos.

(2)     About March 5, 2019, Respondent discharged its employee Yolanda Ramos.

4

(3)     Respondent engaged in the conduct described above in subparagraphs 5(g)(1) and 5(g)(2) because Yolanda Ramos supported and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(h)     By the conduct described above in subparagraph 5(f), Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(i)     By the conduct described above in subparagraphs 5(g)(1) and (2), Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(j)     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

6.     Upon information and belief, it may be fairly anticipated that, unless restrained, Respondent will continue its aforesaid unlawful acts and conduct in violation of Section 8(a)(1) and (3) of the Act.

7.     Upon information and belief, unless the continuation or repetition of the above described unfair labor practices is restrained, a serious failure of

enforcement of important provisions of the Act, and of the public policy embodied in the Act, will result before an ultimate order of the Board can issue.

8.      Upon information and belief, to avoid the serious consequences set forth above, it is essential, appropriate, just and proper, for the purposes of effectuating the policies of the Act and of avoiding substantial, irreparable and immediate injury to such policies, to employees, and to the public interest, and in accordance with Section 10(j) of the Act, that, pending the final disposition of the matters involved herein pending before the Board, Respondent be enjoined and restrained from the commission of the acts and conduct described herein, similar or related acts or conduct or repetitions thereof.

WHEREFORE, Petitioner prays:

1.      That the Court enter an order directing Respondent Mountain View Care and Rehabilitation Center, LLC, to appear before this Court, at a time and place fixed by the Court, and show cause, if any there be, why an injunction should not issue enjoining and restraining Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board, from:

(a)      discharging, suspending, or otherwise discriminating against employees because they support or assist the Union or engage in protected concerted activity;

(b)      Interrogating employees about their union membership, activities, and sympathies.

(c)      in any like or related manner, interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed in Section 7 of the Act.

2.      That the Court enter an order directing Respondent, its officers, representatives, agents, servants, employees, attorneys, successors and assigns and all persons acting in concert or participation with it or them, pending final disposition of the matters involved herein pending before the Board to:

(a)      within five (5) days, on an interim basis, rescind the suspension issued to Yolanda Ramos and not rely on that suspension when issuing any future discipline;

(b)      within five (5) days, on an interim basis, offer Yolanda Ramos immediate reinstatement to her previous position or, if that position no longer exists, to a substantially equivalent position, without prejudice to her seniority or any other rights and privileges previously enjoyed, displacing, if necessary, any employee(s) hired to replace her;

(c)       within 10 days of the Court's Order, (i) hold a mandatory employee meeting or meetings, on working time and at times when the Respondent customarily holds meetings, and scheduled to ensure the widest possible employee attendance, at which the District Court's Order will be read to employees by a responsible Respondent official in the presence of Board agent or, at the Respondent's option, have a Board agent read the Order in the presence of a responsible Respondent official; (ii) announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting of employees; (iii) require that all service and maintenance employees at this facility attend the meeting(s); and (iv) have the prior approval of the Regional Director of the Fourth Region of the National Labor Relations Board of the time and date of the meeting or meetings for the reading of the Court's Order and the Regional Director's approval of the content and method of the announcement to employees of the reading of the Court's Order.

(d)       within 20 days of the issuance of the District Court's Order, file with the District Court, and serve a copy upon Petitioner, a sworn affidavit from a responsible official of Respondent, setting forth with specificity the manner in which Respondent has complied with the Court's Order including the location(s) of the posting required by the Order.

4.      That upon return of the order to show cause, the Court issue an order

enjoining and restraining Respondent in the manner set forth above.

5.      That the Court grant such further and other relief as may be just and

proper.

Signed at Philadelphia, Pennsylvania this 24th day of June, 2019.

**DENNIS P. WALSH**
Regional Director, Region Four
National Labor Relations Board

PETER B. ROBB
    General Counsel

RICHARD P. HELLER
    Regional Attorney, Region Four

DAVID G. RODRIGUEZ (Attorney I.D. PA 309641)
SAMUEL E. SCHWARTZ (Attorney I.D. NJ 243752017)
Attorneys for the Petitioner
National Labor Relations Board, Region 4
100 East Penn Square, Suite 403
Philadelphia, PA 19107
Telephone:  215-597-7657; 215-597-3639
Fax: 215-597-7658
David.Rodriguez@nlrb.gov
Samuel.Schwartz@nlrb.gov

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DENNIS P. WALSH, Regional Director of the Fourth
Region of the NATIONAL LABOR RELATIONS
BOARD, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD,

                     Petitioner

        v.  .

MOUNTAIN VIEW CARE AND
REHABILITATION CENTER, LLC

                    Respondent

Civil No.

## TABLE OF CONTENTS FOR EXHIBITS ATTACHED TO PETITION FOR INJUNCTION UNDER SECTION 10(j) OF THE NATIONAL LABOR RELATIONS ACT, AS AMENDED

| Document | Exhibit |
|---|---|
| Amended Charge in Case 04-CA-238216 | A |
| Second Amended Charge in Case 04-CA-235894 | B |
| Order Consolidating Cases, Consolidated Complaint and Notice of Hearing | C |

EXHIBIT A *Amended Charges*

FIRST AMENDMENT

FORM NLRB-501
(2-18)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>04-CA-238216 | Date Filed<br>5/1/19 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br><br>Mountain View Health Care and Rehabilitation | b. Tel. No.<br>570-341-0050 |
|---|---|
| | c. Cell No. |
| | f. Fax. No. |

| d. Address (Street, city, state, and ZIP code)<br><br>2309 Stafford Ave<br>Scranton, PA 18505 | e. Employer Representative<br><br>Donna Molinaro<br>CEO | g. e-mail<br>ceo@mountainviewscranton.org |
|---|---|---|
| | | h. Number of workers employed<br>70 |

| i. Type of Establishment (factory, mine, wholesaler, etc.)<br>nursing home | j. Identify principal product or service<br>patient care |
|---|---|

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) **(3)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

On or about March 4, 2019, the Employer interrogated an employee concerning union activity.

On or about March 4, 2019, the Employer suspended Yolanda Ramos because of her Union activity.

On or about March 5, 2019, the Employer discharged Yolanda Ramos because of her Union activity

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
UFCW Local 108

| 4a. Address (Street and number, city, state, and ZIP code)<br><br>370 7th Avenue, Suite 501, New York, NY 10001 | 4b. Tel. No.<br>(917) 929-7635 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>dtarrow@rwdsu.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization)
RWDSU (Retail Wholesale Department Store Union)

| **6. DECLARATION**<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.<br><br>DANIE TARROW<br>(signature of representative or person making charge)    (Print/type name and title or office, if any) | Tel. No.<br>(917) 929-7635 |
|---|---|
| | Office, if any, Cell No. |
| | Fax No. |
| Address 370 7th Avenue, Suite 501, New York, NY 10001    Date 4-30-2019 | e-mail<br>dtarrow@rwdsu.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**EXHIBIT B**

*Amended Charges*

FORM NLRB-601
(2-18)

**2ND AMENDED**

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
CHARGE AGAINST EMPLOYER

**DO NOT WRITE IN THIS SPACE**

| Case 04-CA-235894 | Date Filed 5/14/19 |
|---|---|

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer | | |
|---|---|---|
| Mountain View Health Care And Rehabilitation | b. Tel. No. 570.341.0050 | |
| | c. Cell No. 570.430.9697 | |
| | f. Fax. No. | |

| d. Address (Street, city, state, and ZIP code) | e. Employer Representative | g. e-mail |
|---|---|---|
| 2309 Tafford Ave Scranton, PA 18505 | Donna Molinaro | ceo@mountainviewscranton.com |
| | | h. Number of workers employed 70 |

| i. Type of Establishment (factory, mine, wholesaler, etc.) | j. Identify principal product or service |
|---|---|
| Health Care Facility | Long Term Care |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (list subsections) (5) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** (set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)

Since on or about September of 2018, the Employer unilaterally changed the sick and personal time off policies for bargaining unit employees.

**3. Full name of party filing charge** (if labor organization, give full name, including local name and number)
Local 108/ UFCW

| 4a. Address (Street and number, city, state, and ZIP code) | 4b. Tel. No. 212.684.5300 |
|---|---|
| 370 7th Ave Suite # 501 New York, NY 10001 | 4c. Cell No. 917.929.7635 |
| | 4d. Fax No. 212.779.2809 |
| | 4e. e-mail dtarrow@rwdsu.org |

**5. Full name of national or international labor organization of which it is an affiliate or constituent unit** (to be filled in when charge is filed by a labor organization)
Retail Wholesale Department Store Union

**6. DECLARATION**
I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief.

Danie Tarrow, Organizer

| Tel. No. |
|---|
| Office, if any, Cell No. |
| Fax No. |
| e-mail |

(signature of representative or person making charge) (Print/type name and title or office, if any)

Address _____ Date 5-14-19

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**EXHIBIT C**

## UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION FOUR

**MOUNTAIN VIEW CARE AND**
**REHABILITATION CENTER, LLC**

          **and**

**RETAIL, WHOLESALE AND**
**DEPARTMENT STORE UNION**

**Cases 04-CA-235894 and**
**04-CA-238216**

## ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT
## AND NOTICE OF HEARING

Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board (the Board) and to avoid unnecessary costs or delay, **IT IS ORDERED** that Cases 04-CA-235894 and 04-CA-238216, which are based on charges filed by Retail, Wholesale and Department Store Union (the Union) against Mountain View Care and Rehabilitation Center, LLC (Respondent) are consolidated.

This Order Consolidating Cases, Consolidated Complaint and Notice of Hearing, which is based on these charges, is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Board's Rules and Regulations, and alleges that Respondent has violated the Act as described below.

1.    (a)    The charge in Case 04-CA-235894 was filed by the Union on February 13, 2019, and a copy was served on Respondent by U.S. mail on February 13, 2019.

        (b)    The first amended charge in Case 04-CA-235894 was filed by the Union on March 6, 2019, and a copy was served on Respondent by U.S. mail on March 6, 2019.

        (c)    The second amended charge in Case 04-CA-235894 was filed by the Union on May 14, 2019, and a copy was served on Respondent by U.S. mail on May 14, 2019.

        (d)    The charge in Case 04-CA-238216 was filed by the Union on March 21, 2019, and a copy was served on Respondent by U.S. mail on March 22, 2019.

        (e)    The amended charge in Case 04-CA-238216 was filed by the Union on May 1, 2019, and a copy was served on Respondent by U.S. mail on May 1, 2019.

**EXHIBIT C**

2.    (a)    At all material times, Respondent, a Pennsylvania limited liability company, has provided rehabilitation services and nursing home care at a nursing home located in Scranton, Pennsylvania (the Nursing Home).

(b)    During the past year, Respondent, in conducting its business operations referred to above in subparagraph (a), received gross revenues in excess of $100,000 and purchased and received at the Nursing Home goods valued in excess of $5,000 directly from points outside the Commonwealth of Pennsylvania.

(c)    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6) and (7) of the Act and a health care institution within the meaning of Section 2(14) of the Act.

3.    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

4.    At all material times, the following individuals held the positions set forth opposite their respective names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

Donna Molinaro    -    Administrator
Linda Yarros    -    Human Resources Director.

5.    (a)    The following employees of Respondent (the Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

INCLUDED: All full-time and regular part-time Certified Nursing Assistants (CNAs) and Restorative Aids employed by the Employer at its 2309 Stafford Avenue, Scranton, PA facility.

EXCLUDED: All other employees, guards, and supervisors as defined in the Act.

(b)    On June 14, 2018, the Board certified the Union as the collective-bargaining representative of the Unit.

(c)    At all times since June 14, 2018, based on Section 9(a) of the Act, the Union has been the exclusive collective-bargaining representative of the Unit.

6.    About March 4, 2019, Respondent, by Donna Molinaro and Linda Yarros, in Linda Yarros' office, interrogated an employee about the employee's union activities and the union activities of other employees.

7.    (a)    About March 4, 2019, Respondent suspended its employee Yolanda Ramos.

EXHIBIT C

(b)     About March 5, 2019, Respondent discharged Yolanda Ramos.

(c)     Respondent engaged in the conduct described above in subparagraphs 7(a) and 7(b) because Yolanda Ramos supported and assisted the Union and engaged in concerted activities and in order to discourage employees from engaging in these activities.

8.     (a)     Between about August 2018 and January 2019, more precise dates being presently unknown to the General Counsel, Respondent changed its leave policies by: (i) ending the practice of allowing employees to accrue sick leave and Paid Time Off (PTO) separately; (ii) ending the practice of allowing employees to accrue unlimited sick leave; (iii) ending the practice of paying employees for unused PTO in excess of 40 hours at the end of each year; and (iv) cancelling employees' accrued PTO and sick leave balances.[1]

(b)     The subjects set forth above in subparagraph 8(a) relate to wages, hours, and other terms and conditions of employment of the Unit and are mandatory subjects for the purposes of collective bargaining.

(c)     Respondent engaged in the conduct described above in subparagraph 8(a) without prior notice to the Union and without affording the Union an opportunity to bargain with Respondent with respect to this conduct.

9.     By the conduct described above in paragraph 6, Respondent has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

10.     By the conduct described above in paragraph 7, Respondent has been discriminating in regard to the hire or tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

11.     By the conduct described above in paragraph 8, Respondent has been failing and refusing to bargain collectively and in good faith with the exclusive collective-bargaining representative of its employees in violation of Section 8(a)(1) and (5) of the Act.

12.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

---

[1] On March 5, March 21, and April 3, 2019, the Region requested that Respondent cooperate in the administrative investigation of the charge in Case 04-CA-235894 conducted prior to issuance of the instant Consolidated Complaint. Respondent failed to fully cooperate in the investigation by refusing to furnish certain documents relevant to the disposition of the charge.

**EXHIBIT C**

**WHEREFORE,** as part of the remedy for the unfair labor practices alleged above, the General Counsel seeks an Order requiring: (a) a responsible management official of Respondent to read the Notice to Employees at the Nursing Home, in the presence of a Board agent, or, at Respondent's option, a Board agent to read the Notice to Employees at the Nursing Home in the presence of management officials; (b) Respondent to require that all employees at the Nursing Home be present on at least one occasion when the Notice is read; and (c) Respondent to announce, schedule, and conduct the Notice readings in the same manner it customarily does when it wishes to convey information to all employees at the Nursing Home in person.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Consolidated Complaint. The answer must be **received by this office on or before Thursday, May 30, 2019, or postmarked on or before Wednesday, May 29, 2019**. Respondent should file an original and four copies of the answer with this office and serve a copy of the answer on each of the other parties.

An answer may also be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **File Case Documents,** enter the NLRB Case Number, and follow the detailed instructions. The responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Consolidated Complaint are true.

## NOTICE OF HEARING

**IT IS HEREBY ORDERED** that the hearing in the above-entitled matter is scheduled for **10:00 a.m.** on **Monday, July 1, 2019** and on consecutive days thereafter until concluded, before an administrative law judge of the National Labor Relations Board at the Regional Office located at The Wanamaker Building, 100 Penn Square East, Suite 403, Philadelphia, Pennsylvania 19107. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Consolidated Complaint. The procedures to be

**EXHIBIT C**

followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Signed at Philadelphia, Pennsylvania this 16th day of May, 2019.

**DENNIS P. WALSH**
Regional Director, Fourth Region
National Labor Relations Board

5